UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALLEN WEAH, | § § | |
| Plaintiff, | § § § | Lead Case |
| v. | § § | SA-24-CV-326-XR (HJB) Consolidated with |
| STATE OF TEXAS, ET AL. | § § | SA-24-CV-505-XR (HJB) |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff's Application to Proceed In Forma Pauperis ("IFP") on Appeal, filed in these consolidated cases. (*See* SA-24-CV-326, Docket Entry 14.) These cases were automatically referred to the undersigned for disposition of the application to proceed IFP and for review under 28 U.S.C. § 1915(e), pursuant to this Division's October 8, 2019, Standing Order. (*See* SA-24-CV-326, Text Order dated April 1, 2024; SA-24-CV-505, Text Order dated May 16, 2024.) For the reasons set out below, I recommend that Plaintiff's IFP Application (SA-24-CV-326, Docket Entry 14) be **DENIED**.

The undersigned ordered the two cases consolidated on May 21, 2024, because Plaintiff had filed identical papers with identical factual allegations in each case. (*See* SA-24-CV-505, Docket Entry 5.)[1] Plaintiff now seeks to appeal this decision to the Fifth Circuit, and moves for IFP status on appeal. (SA-24-CV-326, Docket Entries 13 and 14.) He appears to claim in his IFP application that the consolidation was in error because, despite the identical pleadings, one

---

[1] The order required that all pleadings be filed in the lead case, SA-24-CV-326. Because it this Report and Recommendation discusses pleadings filed before the consolidation, it identifies both the case number and docket entry for each filing.

case was against a "single Residential property" while the other was against "Multiple departments[s] in the local [and] state justice system." (Docket Entry 14, at 1.)

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

In this case, Plaintiff's appeal does not involve arguable points of law for the simple reason that it is not a proper interlocutory appeal to the Fifth Circuit. Under 28 U.S.C. § 636(b), when nondispositive pretrial orders are issued by the Magistrate Judge (like the consolidation order in this case), a District Court Judge may reconsider it "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Accordingly, Plaintiff's appeal of the consolidation order should have been directed to the District Court Judge, instead of the Court of Appeals.

Moreover, as no final judgment has been entered in this case, Plaintiff's appeal to the Fifth Circuit is an improper interlocutory appeal. The Court of Appeals has appellate jurisdiction over interlocutory matters only if the district judge certifies it for appeal in writing. *See* 28 U.S.C. § 1292(b) (permitting interlocutory appeal from an order when a "district judge . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," in which case the judge "shall so state in writing in such order"). In this case, the District Judge has not been given the opportunity to review the

2

consolidation order, let alone to certify the matter for interlocutory appeal.

Because Plaintiff's appeal should have been directed to the District Judge, and because no basis for interlocutory appeal is available at this time, Plaintiff's appeal to the Fifth Circuit is not taken in good faith. I therefore recommend that his application for IFP status on appeal (SA-24-CV-326, Docket Entry 14) be **DENIED** pursuant to 28 U.S.C. 1915(e).

### Notice of Right to Object

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **fourteen (14) days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and

Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on June 4, 2024.

Henry J. Bemporad
United States Magistrate Judge