IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALLEN WEAH,<br>   *Plaintiff*<br><br>-vs-<br><br>ESTANCIA VILLAS LLC, STATE OF TEXAS,<br>   *Defendants* | § § § § § § § § § § | SA-24-CV-00326-XR<br><br>*Consolidated with:*<br>SA-24-CV-00505-XR |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation in the above-numbered and styled consolidated cases, filed June 4, 2024 (ECF No. 16), recommending that Plaintiff's motion to proceed *in forma pauperis* ("IFP") (ECF No. 14) in his interlocutory appeal of a consolidation order be **DENIED**. After careful consideration, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

### BACKGROUND

In April and May 2024, Plaintiff Allen Weah, seeking to proceed IFP, initiated two separate actions challenging his eviction from his home in Austin, Texas—one against his former landlord, Estancia Villas LLC, No. SA-24-CV-326-XR (the "*Estancia* Action") and one against the State of Texas, No. SA-24-CV-505-XR (the "*Texas* Action").

Magistrate Judge Bemporad, who was auto-assigned to the *Estancia* Action, granted Plaintiff permission to file electronically (ECF No. 5) and his motion to proceed IFP (ECF No. 3), but directed Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction by filing an amended complaint with a "short and plain statement of the grounds for the court's jurisdiction." ECF No. 3 at 2.

The Texas Action was also auto-assigned to Magistrate Judge Bemporad, who noted that the factual allegations in both cases were identical and issued an order consolidating the cases under the *Estancia* Action, which was first filed. *See Texas* Action, ECF No. 21 at 1 (W.D. Tex. May 21, 2024) (the "Consolidation Order").

In response, Plaintiff seeks to appeal the Consolidation Order to the Fifth Circuit and moves for IFP status on appeal. ECF Nos. 13, 14.

In his Report and Recommendation, Magistrate Judge Bemporad pointed out that the appeal of the consolidation order should have been directed to the undersigned in the first instance rather than the Fifth Circuit. *See* ECF No. 16 at 2 (citing 28 U.S.C. § 636(b)(l)(A) (providing that a *district court judge* may reconsider magistrate judge's nondispositive pretrial orders "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.")). Plaintiff's attempt to appeal the consolidation order directly to the Fifth Circuit was also improper, the Magistrate Judge noted, because the undersigned had not certified such an interlocutory appeal in writing. *See id.* (citing 28 U.S.C. § 1292(b) (permitting interlocutory appeal from an order when a "district judge [is] of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," in which case the judge "shall so state in writing")).

Because Plaintiff's appeal and any motion to certify an interlocutory appeal should have been directed to the undersigned, the Magistrate Judge concluded that Plaintiff's appeal to the Fifth Circuit was not taken in good faith and recommended that his application for IFP status on appeal (ECF No. 14) be denied. ECF No. 16 at 3; *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith.").

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). Plaintiff was served with a copy of the Report and Recommendation via email on June 5, 2024.[1] No objections have been filed.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## CONCLUSION

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation and Plaintiff's motion to proceed IFP on his appeal of the Consolidation Order (ECF No. 14) is **DENIED**.

The Court observes that the Magistrate Judge directed the Clerk's Office to send a courtesy copy of the Report and Recommendation to 8222 Gault Lane, Apt. 502, San Antonio, TX 78209— the address listed in both the Texas Action and Plaintiff's notice of interlocutory appeal and motion to proceed IFP on appeal (ECF Nos. 13, 14).[2] It appears, however, that the Clerk's Office used

---

[1] By registering for electronic filing, Plaintiff agreed to accept service by CM/ECF and consented to service by electronic means. *See* ECF No. 5 (order granting Plaintiff's motion for permission to file electronically); E-Filing and E-Noticing Registration Form at 1, https://perma.cc/DD82-NCBX ("By submitting this form, I agree to abide by all Court rules, orders, policies and procedures governing the use of the electronic filing system. I also consent to service by electronic means in the circumstances permitted under those rules, orders, policies, and procedures. I further consent to allow the court to provide e-mail notifications on my behalf to all parties registered with the ECF System in lieu of providing certificate of service per Local Court Rule CV-5[.]");Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases at 18, https://perma.cc/52SM-QC8S ("Registration as a Filing User constitutes consent to electronic service of all documents as provided both in these procedures and by Rule 5, Federal Rules of Civil Procedure[.]").

[2] In late April and May 2024, the Magistrate Judge's early orders in the *Estancia* Action granting Plaintiff's original IFP motion and motion to file electronically (ECF Nos. 3, 5) were returned to the Court with the following notations: "RETURN TO SENDER; NOT DELIVERABLE AS ADDRESSED; UNABLE TO FORWARD." *See* ECF Nos. 6,

Plaintiff's *previous* address (ECF No. 17), and the Report and Recommendation was returned as undeliverable on June 20, 2024 (ECF No. 19).

The returned mail *does not* negate the electronic service of the Report and Recommendation on June 5, 2024. Nonetheless, to ensure that Plaintiff receives a courtesy copy of the Court's orders for his records:

The Clerk is **DIRECTED** to mail a copy of <u>both</u> (1) the Magistrate Judge's Report and Recommendation (ECF No. 16) and (2) this Order to Plaintiff Allen Weah at **8222 Gault Lane, Apt. 502, San Antonio, TX 78209.**

It is so **ORDERED**.

**SIGNED** this 2nd day of July, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

11 (returned from 21103 Encino Commons Blvd., San Antonio, TX 78259). Accordingly, on May 24, 2024, the Magistrate Judge ordered Plaintiff to file an updated Notice of Change of Address by no later than June 14, 2024. *See* ECF No. 12. Plaintiff did not file notice of a change of address as directed. He did, however, include a new address in his notice of interlocutory appeal and motion to proceed IFP on appeal—the same address listed in the *Texas* Action. *See* ECF Nos. 13, 14 (listing Plaintiff's address as 8222 Gault Lane, Apt. 502, San Antonio, TX 78209).